**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-30795

MARKETFARE ANNUNCIATION, LLC; ROBERT RESOURCES, LLC,

Plaintiffs-Appellees,

versus

UNITED FIRE AND CASUALTY INSURANCE COMPANY,

Defendant-Appellant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARKETFARE N. BROAD, LLC; ROBERT RESOURCES, LLC,

Plaintiffs-Appellees,

versus

UNITED FIRE AND CASUALTY INSURANCE COMPANY,

Defendant-Appellant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARKETFARE (ST. CLAUDE), LLC,

> Plaintiff-Appellee-
> Cross-Appellant,

ROBERT RESOURCES, LLC,

> Plaintiff-Appellee,

versus

ESTATE OF JOHN G. SCHWEGMANN, JR.;
GUY G. SCHWEGMANN TRUST NO. 2,

> Intervenors-Appellees,

versus

JOHN FRANCIS SCHWEGMANN TRUST NO. 2;
JOHN GUY SCHWEGMANN; LAURIE S. DAMARE;
HEIDI SCHWEGMANN LEPOROWSKI,

> Intervenor Plaintiffs-Appellees,

versus

UNITED FIRE AND CASUALTY INSURANCE COMPANY,

> Defendant-Appellant-
> Cross-Appellee.

* * * * * * * * * * * * * * * * * * *

2

MARKETFARE CANAL, LLC,

> Plaintiff-Appellee-
> Cross-Appellant,

ROBERT RESOURCES, LLC,

> Plaintiff-Appellee,

versus

UNITED FIRE AND CASUALTY INSURANCE COMPANY,

> Defendant-Appellant-
> Cross-Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

M.L. ROBERT, II, LLC; ROBERT RESOURCES, LLC,

> Plaintiffs-Appellees,

versus

UNITED FIRE AND CASUALTY INSURANCE COMPANY,

> Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:06-CV-7232

---

3

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The plaintiff and intervenor (jointly referred to as "Marketfare") each own one or more grocery stores damaged by Hurricane Katrina. All the stores were insured by the same company ("United Fire"), by policies that covered damages from wind, and wind-driven rain, and looting but not from flooding. When disputes arose regarding coverage as to damages, Marketfare sued United Fire, utilizing diversity jurisdiction. The jury awarded extensive damages and penalties for bad faith. United Fire appeals the judgment, and Marketfare appeals the calculation of a penalty.

We have reviewed the briefs and applicable law and pertinent parts of the record and have heard the arguments of counsel. There is no reversible error on United Fire's direct appeal. The jury was properly charged, and the district court did not abuse its discretion in its evidentiary rulings. The award of damages does not offend the policy's anticoncurrent causation clause. The recovery for business interruption is supported by sufficient evidence. The issue regarding the award of damages without invoking the coinsurance provision was waived. The district court properly gave damages for the property at West Esplanade for damaged equipment and property that was not replaced. There was ample evidence to support bad-faith penalties.

The only reversible error regards Marketfare's cross-appeal. The district court correctly recognized that Marketfare cannot recover duplicate penalties under La. R.S. §§ 22:1220(A) and 22:658. It can, however, recover once for the greater of the two penalty provisions, in addition to consequential damages. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other words, although an insured cannot recover a penalty under both § 1220 and § 658, it is entitled to the greater penalty of the two in addition to consequential damages under § 1220.

It follows that the judgment must be modified so that the portion of the judgment that reads, "Judgment in favor of plaintiff, Marketfare St. Claude L.L.C., and against defendant United Fire & Casualty Insurance Company for statutory damages and penalties pursuant to LA. REV. STAT. ANN. § 22:1220 in the amount of $1,800,000, legal interest to run from date of judgment," is modified to read, "Judgment in favor of plaintiff, Marketfare St. Claude L.L.C., and against defendant United Fire & Casualty Insurance Company for damages pursuant to LA. REV. STAT. ANN. § 22:1220 in the amount of $900,000.00 plus a statutory penalty pursuant to LA. REV. STAT. ANN. § 658 in the amount of $1,470,393.50, legal interest to run from date of judgment." In addition, the portion of the judgment that reads, "Judgment in favor of plaintiff Marketfare Canal, L.L.C., and against defendant United Fire & Casualty Insurance Company for statutory damages and penalties pursuant to LA. REV. STAT. ANN. § 22:1220 in the amount of $2,016,000.00, legal interest to run from date of judgment," is modified to read, "Judgment in favor of plaintiff, Marketfare Canal, L.L.C., and against defendant United Fire & Casualty Insurance Company for damages pursuant to LA. REV. STAT. ANN. § 22:1220 in the amount of $1,008,000.00 plus a statutory penalty pursuant to LA. REV. STAT. ANN. § 658 in the amount of $1,575,684.50, legal interest to run from date of judgment."

The judgment, as MODIFIED, is AFFIRMED.